IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MIGUEL LUJAN,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No. 15-CV-93 SCY/KK**

**CITY OF ESPANOLA, ESPANOLA POLICE
DEPARTMENT, OFFICER LUGINBUHI,
and OFFICER MARTINEZ,**

    **Defendants.**

## RESPONSE TO MOTION FOR APPOINTMENT OF COUNSEL

COMES NOW, the Defendant City of Espanola, by and through its counsel of record, Basham & Basham, P.C. (Mark A. Basham and Peter A. Dwyer) and hereby responds to Plaintiff's Motion for the Appointment of Counsel and further states as follows.

Plaintiff is litigating this case *pro se* from incarceration at the Guadalupe County Correctional Facility in Santa Rosa, New Mexico. The Motion for the Appointment of Counsel should be denied.

## ARGUMENTS

**1.    Plaintiff Does Not Have a Constitutional Right to Counsel in Civil Proceedings.**

The right to council is primarily a constitutional right for criminal defendants under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.[1] The United States Supreme Court's Decision in *Gideon vs. Wainwright,* 372 U.S. 335 (1963) provides a

---

[1] The Fifth and Sixth Amendments apply to federal courts and the Fourteenth extends the requirement to the states.

1

constitutional right to legal counsel in criminal proceedings.[2] It does not apply in civil proceedings. "The protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions.'" *Austin v. United States*, 509 U.S. 602, 113 S. Ct. 2801, 2804, 125 L. Ed. 2d 488 (1993). [T]here is no constitutional right to counsel in collateral civil proceedings. *Carter v. Friel,* 415 F. Supp. 2d 1314, 2006 U.S. Dist. LEXIS 4649 (D. Utah 2006) (Reversed on other grounds). Appointment of counsel in civil cases is a privilege and not a constitutional right, and will not be granted unless counsel is necessary to present meritorious issues to the court. *Lopez v Reye,s* 692 F2d 15 (1982, CA5 Tex).

The Due Process Clause of U.S. Const. amends. V, XIV does not provide indigent civil litigants with a right to appointed counsel under 28 USCS § 1915(e)(1); ordinary federal civil litigation brought by individual plaintiffs against government actors adjudicates and redresses alleged violations of plaintiff's rights and does not itself effect deprivation of plaintiff's protected interests; in other words, if plaintiff loses litigation, he is not deprived of interest protected by due process, he just loses his case. *Pruitt v Mote,* 503 F3d 647 (2007 CA7 Ill.).

In fact, the general rule in the United States (the "American Rule") is that civil litigants are responsible for bearing their own litigation costs including attorney fees. There is limited authority for the Court to order "appointment"[3] of legal counsel.

The primary source of authority for this Court to grant a motion for counsel is 28 U.S.C. §1915 (e) (1) which states that "the court may request an attorney to represent any person unable

---

[2] The Sixth Amendment affords an inmate the right to counsel, including "meaningful access to his attorney" for the inmate's direct appeal of his criminal conviction. *Mann v. Reynolds*, 46 F.3d 1055, 1061 (10th Cir. 1995) (internal citation omitted); *see also Sallier v. Brooks*, 343 F.3d 868 (6th Cir. 2003). The latter includes an inmate's right to privately discuss his case with counsel. *See Geders v. United States*, 425 U.S. 80, 96 S. Ct. 1330, 47 L. Ed. 2d 592 (1976). *See U.S. v. Nichols*, 841 F.2d 1485, 1504 (10th Cir. 1988) (listing limitations to the Sixth Amendment right to counsel).

[3] Operative word in 28 USCS § 1915(d) is "request," not "appoint." *Wickliffe v Duckworth,* 574 F Supp 979.

to afford counsel."[4] In New Mexico there is no specific local rule permitting appointment or solicitation of counsel in civil proceedings. The Local Rules do contemplate *pro se* litigants who are defined under LR-CV 1.5. Accommodations are made for *pro se* litigants such as waiving the civil action cover sheet requirement (LR-CV 3.1) and excusal from electronic filing( LR-CV5.1). But the only local rule regarding appointment of counsel is LR-CR 44 which does not apply to civil cases and does not address the issue of when and how to appoint counsel in any case.

Some courts have stated that this power should only be exercised in extreme circumstances. *Washington v. United States,* 93 Fed. Cl. 706 (2010). The District court's discretion to deny a state prisoners privilege to commence and prosecute suit in *forma pauperis* under 28 U.S.C. § 1915 is especially broad in civil actions against officials connected with institution of plaintiff's incarceration.[5] But even when civil actions are maintained by a Plaintiff in *forma pauperis* the courts are authorized to monitor and scrutinize the proceedings to ensure that prisoner litigation does not become abusive. *Hawkins v Elliott,* 385 F Supp. 354 (1974, DC SC). In order to vindicate principles underlying 28 U.S.C. § 1915, courts may properly establish pleading standards for in *forma pauperis* actions that are different from, or more stringent than, those established by Federal Rules of Civil Procedure. *Harvey v Clay County Sheriff's Dep't* 473 F Supp. 741 (1979, WD Mo). As previously stated the New Mexico Federal District Courts have not established specific rules and appear to have left the determination up to the discretion of the Court.

---

[4] It should be noted that the Complaint consistently indicates "N/A" under the section regarding 28 U.S.C. 1915 and the Plaintiff has not formally sought to proceed in *forma pauperis* thus far in the Federal District Court.
[5] This generally applies to prison personnel but could be extended to cover arresting officers.

**2.      Federal Courts Cannot Require an Attorney to Represent the Plaintiff.**

Under 28 USCS § 1915(d), federal courts are not authorized to require attorney to represent indigent litigant in civil case.  This Court has discretion to "request" *pro bono* counsel, but cannot compel any particular attorney to work on the case.  Federal courts are not authorized to require unwilling attorneys to represent indigent litigants in civil cases because the language of the statute--"request"--indicates Congressional intent not to authorize mandatory appointment, particularly when compared with other statutes which provide for "assignment" or "appointment" of an attorney. *Mallard v United States Dist. Court for Southern Dist*., 490 US 296, 109 S Ct 1814, 104 L Ed 2d 318 (1983).  (Superseded by statute on other grounds as stated in *Ashmore v Prus* 2013 US Dist LEXIS 86075.)   This is especially true where the action does not have any of the characteristics of being essentially criminal or penal in nature.  *Kennedy v Meacham*, 382 F Supp. 996 (1974, DC Wyo). (Vacated on other grounds 540 F2d 1057 (1976, CA10 Wyo).  The standard is very high and appointment of counsel in civil cases should be allowed only in exceptional cases. *United States ex rel. Gardner v Madden,* 352 F2d 792 (1965, CA9 Cal).  The Court is required to exercise its discretion appropriately when presented with a motion seeking recruitment of *pro bono* counsel, but that is where its obligations ends; the Court has no general duty to recruit *pro bono* counsel even where indigent plaintiff ultimately proves incompetent to litigate his own claims. *Pruitt v Mote,* 503 F3d 647 (2007, CA7 Ill).

**3.      The Court's only Obligation is to Assess the Claim and Claimant.**

In this case the Court should decline to "appoint" legal counsel because the Plaintiff has already sought legal counsel and been declined by multiple firms.  This is apparent from the Plaintiff's own statements in the Motion for the Appointment of Counsel.  The Court lacks

authority to require legal counsel to litigate the case and it appears that further "requests" would not be fruitful since a significant segment of the plaintiff's bar has already been contacted and declined to take up the case. The Court should rule that the Plaintiff has demonstrated the ability to litigate the claim *pro se* and decline to "appoint" counsel.

The Court should evaluate the Plaintiff and his claims and determine that he is competent and can litigate his case on his own and that the claims can be fairly presented without the assistance of counsel. The standard in the 10th Circuit has been established in similar cases. Denial of an inmate's request for appointment of counsel under 28 USCS § 1915(e)(1) is not an abuse of discretion, even when the district court did not give reasons for denial as long as the inmate understood the basics of his claims, was granted liberal treatment accorded *pro se* litigants, and the issues involved were not particularly complex. *Romel Abu-Fakher v Bode,* 175 Fed Appx 179 (2006, CA10 Kan).

In other districts the Courts have local rules that expressly set forth factors to be considered in this ontext. For example in the District of Columbia a *pro se* inmate may be granted leave to proceed *in forma pauperis* and the inmate may move for appointment of counsel. In the District of Columbia the courts consider factors listed in D.D.C. Civ. R. 83.11(b)(3)[6] and determined that none of those factors supported inmate's request for counsel. *Renoir v Governor of Va.*, 755 F Supp. 2d 82 (2010, DC Dist Col).

---

[6] The rule in the District of Columbia considers four factors: the judge to whom the case is assigned may, on application by the *pro se* party or otherwise, appoint an attorney from a panel of pro bono volunteers based on **(i)** the nature and complexity of the action; **(ii)** the potential merit of the *pro se* party's claims; **(iii)** the demonstrated inability of the *pro se* party to retain counsel by other means; and **(iv)** the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

Because there are no specific local rules in the New Mexico District Courts, this Court should not appoint counsel or seek to impose new standards in the absence of an express rule. Instead, the court should simply evaluate whether the Plaintiff is so seriously impaired as to be incapable of presenting his own case.

**4.    There are no Special Circumstances in this Case that Require the Court to Request an Attorney for Plaintiff.**

Special circumstances that might warrant requesting counsel for the Plaintiff are not present in this case. One reason for assisting in obtaining civil legal counsel is if the case will not proceed without the assistance of counsel. In determining whether appointment of counsel is necessary the Court may consider whether the party is unable to represent himself because he is minor or otherwise incompetent. *Wenger v Canastota Cent. Sch. Dist.,* 146 F3d 123, 41 FR Serv 3d 744, (1998, CA2 NY) (*cert. den.*) (overruled in part on other grounds by *Winkelman v Parma City Sch. Dist*., 550 US 516, 127 S. Ct. 1994, 167 L. Ed. 2d 904. Other factors supporting appointment of counsel include where the inmate was deaf and had limited ability to read and write English, which impaired his ability to communicate with court and his ability to articulate both the basis for his legal claims and why he needed appointment of counsel. *Williams v Hayman,* 488 F. Supp. 2d 446 (2007, DC NJ).

Courts have analyzed the special circumstances which might trigger court action and concluded that many *pro se* litigates are not entitled to special efforts by the courts. For example one court denied appointment of counsel for purposes of bringing § 1983 and related claims against a police officer, where an inmate is literate and able to communicate to court through pleadings and motions--even managing to cite appropriate statutes and cases, because legal issues involved in false imprisonment/malicious prosecution/due process case are not overly

complex, virtually all evidence required to resolve issues is within knowledge of inmates, and special circumstances simply do not exist to justify appointing counsel for an inmate under 28 USCS § 1915(d). *Mastromatteo v Simock,* 849 F. Supp. 25 (1994, ED Pa).  Another court found that special circumstances do not exist so as to require appointment of counsel for an indigent inmate filing a civil rights action, even though he presented claims of arguable merit because (1) the inmate was literate and educated and has demonstrated ability to write, (2) the legal issues were not very complex or out of ordinary and most factual discovery should be easily obtainable within prison system, and (3) inmate had access to law library and could attempt to secure *pro bono* counsel. *Hill v Davidson,* 844 F. Supp. 237, (1994, ED Pa).  In another case, despite the prisoner's assertion that he lacked experience in law the Court denied a request for civil counsel where: the prisoner's submissions were presented with care and diligence, the prisoner did not show any marked difficulties in presenting his case, there was no indication that the prisoner was unable to present his case, and the case did not present any novel or complex legal issues to warrant appointment of counsel. *Mackey v DiCaprio* 312 F. Supp. (2004, SD NY).

In this case there are no special circumstances warranting the Court's action.  The Plaintiff is neither minor, nor incompetent, nor disabled and has already demonstrated the ability to carry forward litigation in both the State and Federal courts.  Other courts have stated that in light of difficulties inherent in finding attorneys willing to invest time and money required to prosecute inmate civil rights actions, appointment of counsel should be reserved for those inmates who appear unable to litigate their own actions. *Sierra v Lehigh County,* 617 F. Supp. 427 (1985, ED Pa).

    **5.**    **Declining to Request an Attorney is Discretionary and not Reversible Error.**

Declining to request an attorney to represent plaintiff is not a violation of 28 USCS § 1915(d), since plaintiff could still proceed in *forma pauperis*. *Miller v. Pleasure,* 425 F2d 1205 (1970, CA2 NY). (*cert den.* 400 U.S. 880, 27 L. Ed. 2d 117, 91 S. Ct. 123 (1980). It is not an abuse of discretion to refuse to appoint counsel for an indigent litigant whose difficulties were those which any litigant proceeding *pro se* would encounter, rather than exceptional factors. *Wood v Housewright*, 900 F2d 1332 (1990, CA9 Nev). Refusal to appoint an attorney is within the discretion of the Court. *United States ex rel. Benton v Hill,* 72 F2d 826 (1934, CA3 Pa). Motions for appointment of counsel under 28 USCS § 1915(d) are addressed to the sound discretion of the Court and are granted only in exceptional circumstances. *United States v McQuade,* 579 F2d 1180 (1978 CA9 Cal). The language of 28 USCS § 1915 authorizing federal courts to appoint counsel for indigents is permissive, not mandatory, and the statute necessarily vests the district courts with broad discretion. *Jones v Morris,* 590 F2d 684, (1979, CA7 Ill) (*cert. den*. 440 US 965, 59 L Ed 2d 780, 99 S Ct 1513 (1979)). Finally, a civil rights litigant's entitlement to appointment of counsel is within the discretion of the trial court; decision refusing to appoint counsel will be overturned only when denial of counsel results in fundamental unfairness impinging on due process rights. (1982, CA7 Ill) (*cert. den.* 459 U.S. 1214, 75 L. Ed. 2d 451, 103 S. Ct. 1212 (1983).

**WHEREFORE**, the Defendants respectfully request that the Court deny the Plaintiff's Motion for the Appointment of Counsel.

Respectfully submitted by:

Basham & Basham, P.C.

***/s/ Mark A. Basham***
Mark A. Basham
2205 Miguel Chavez, Suite A
Santa Fe, New Mexico 87505
505-988-4575
Fax: 505-992-6170
mbasham@bbpcnm.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of August, 2015, I filed the foregoing Response to Motion for Appointment of Counsel and mailed a copy by U.S. Mail, First Class, to:

LEGAL MAIL
Miguel Lujan #66946
c/o Guadalupe County Corrections Facility
P.O. Box 520
Santa Rosa, NM 88435

***/s/ Mark A. Basham***
Mark A. Basham